**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| AIMEE MADDONNA, *et al.*<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 6:19-cv-3551 (TMC) |

**FEDERAL DEFENDANTS' ANSWER**

Defendants United States Department of Health and Human Services ("HHS"); Administration for Children and Families ("ACF"); Alex Azar, II, in his official capacity as Secretary of HHS; and Lynn Johnson, in her official capacity as Assistant Secretary for ACF (collectively the "Federal Defendants"), submit their Answer to the Complaint, ECF No. 1.

Federal Defendants respond to the numbered paragraphs of the Complaint as follows:

1. Admitted that many children in foster care are vulnerable and many parents and families who choose to care for these children provide a safe and loving home. Federal Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

2. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Denied, except to admit that Federal Defendants provide funds to the State of South Carolina pursuant to Title IV-E of the Social Security Act for the purposes provided in that statute and implementing regulations.

6. Denied.

7. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 concerning the actions of the State. As to the allegations regarding Federal Defendants, denied.

8. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 concerning the actions of the State. As to the allegations regarding Federal Defendants, denied.

9. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 concerning the actions of the State. As to the allegations regarding Federal Defendants, denied.

10. Paragraph 10 consists of Plaintiff's characterization of this lawsuit and the relief requested, to which no response is required. To the extent a response may be deemed required, Federal Defendants deny that Plaintiff is entitled to the relief sought.

11. Paragraph 11 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

12. Paragraph 12 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

13.     Paragraph 13 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

14.     Paragraph 14 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

15.     Paragraph 15 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied, except to admit that venue is proper in this District as to the Federal Defendants assuming the truth of the allegations in the Complaint.

Footnote 1 on page 4 consists of Plaintiff's characterization of this lawsuit and one she previously filed in this Court, to which no response is required.

16.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, except to admit that Aimee Maddonna is the Plaintiff in this action.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admitted.

21.     Admitted.

22.     Paragraph 22 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, Federal Defendants respectfully refer the Court to Title IV-E of the Social Security Act for a complete and accurate statement of HHS and ACF's statutory duties and authorities under this program.

23.     Admitted.

24.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, except to admit that Henry McMaster is Governor of South Carolina.

25.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, except to admit that Michael Leach is Director of the South Carolina Department of Social Services.

26.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations and statutes for a complete and accurate statement of their contents.

31.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

32. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

33. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

34. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

35. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

36. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, which makes certain assertions about unidentified South Carolina policy.

37. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, which makes certain assertions about South Carolina policy. Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

38. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, which makes certain assertions about South Carolina policy. Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

39. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, which makes certain assertions about provisions of state law. Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

40. The first sentence of Paragraph 40 is admitted. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 40, except to admit that HHS has issued grants to South Carolina pursuant to Title IV-E of the Social Security Act.

41. Paragraph 41 is denied, except to admit that various provisions of federal law govern the expenditure of grants to states under Title IV-E of the Social Security Act.

42. Paragraph 42 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied, except to admit that the cited regulation contains the quoted text.

43. Paragraph 43 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied.

44. Paragraph 44 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied, except to admit that states are not prohibited from using federal funds provided under Title IV-E of the Social Security Act to reimburse religiously affiliated organizations for allowable expenditures.

45. Paragraph 45 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied, except to admit that the cited regulation contains the quoted text.

46. Paragraph 46 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied, except to admit that Federal Defendants' actions are governed by the U.S. Constitution.

47. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

Footnotes 4, 5, and 6 on page 11 of the Complaint contain various factual assertions. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of these assertions.

52. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

Footnote 12 on page 14 of the Complaint contains various factual assertions. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of these assertions.

61. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64. Federal Defendants respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents.

65. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, which makes allegations about a provision of state law. Federal Defendants respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents.

66. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, which makes allegations about a provision of state law. Federal Defendants respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents.

67. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, which makes allegations about a provision of state law. Federal Defendants respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents.

68. Federal Defendants deny the allegations in Paragraph 68, except to admit that in a letter dated February 27, 2018, the Governor of South Carolina requested from HHS a specified "deviation or waiver" from 45 C.F.R. § 75.300(c) and (d). Federal Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

69. Paragraph 69 consists of legal conclusions to which no response is required; to the extent a response may be deemed required, denied.

70. Paragraph 70 is denied, except to admit that on January 23, 2019, a letter from then-Principal Deputy Assistant Secretary Wagner to Governor McMaster conveyed to South Carolina

that a conditional exception from the religious non-discrimination requirements of 45 C.F.R. § 75.300(c) had been granted.

71. Denied.

72. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Paragraph 73 is denied, except to admit that HHS issued a notice of proposed rulemaking on November 19, 2019, at 84 Fed. Reg. 63,832; Federal Defendants respectfully refer the Court to that publication for a complete and accurate statement of its contents.

74. Denied.

75. Paragraph 75 consists of a legal conclusion to which no response is required; to the extent a response is deemed required, denied.

76. Paragraph 76 is denied, except to admit that HHS issued a notice of nonenforcement on November 19, 2019, at 84 Fed. Reg. 63,809; Federal Defendants respectfully refer the Court to that publication for a complete and accurate statement of its contents.

77. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96. Denied.

97. Denied.

98. Paragraph 98 is denied, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 98.

99. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, which makes certain assertions about South Carolina policy. Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

102. Denied.

103. Denied.

104. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, which makes certain assertions about state law. Federal Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

105. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, which makes certain assertions about state law.

106. Denied.

107. Denied, except that Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 regarding the proportion of LGBTQ youth in foster-care systems throughout the United States.

108. Denied.

109. In Paragraph 109, Plaintiff realleges the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

110. Paragraph 110 consists of legal conclusions to which no response is required.

111. Paragraph 111 consists of legal conclusions to which no response is required.

112. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, which makes allegations about another party to this litigation.

113. Denied.

114. Denied.

115. Denied.

116.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116, which makes allegations about another party to this litigation.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    In Paragraph 122, Plaintiff realleges the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

123.    Paragraph 123 consists of legal conclusions to which no response is required.

124.    Paragraph 124 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

125.    Paragraph 125 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

126.    Paragraph 126 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

127.    Paragraph 127 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

128.    Paragraph 128 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

129.    Paragraph 129 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

130. Paragraph 130 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, denied.

131. In Paragraph 131, Plaintiff realleges the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

132. Paragraph 132 consists of legal conclusions to which no response is required.

133. Paragraph 133 consists of legal conclusions to which no response is required.

134. Paragraph 134 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134, which makes allegations about another party to this litigation.

135. Paragraph 135 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135, which makes allegations about another party to this litigation.

136. Paragraph 136 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136, which makes allegations about another party to this litigation.

137. Paragraph 137 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137, which makes allegations about another party to this litigation.

138. Paragraph 138 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138, which makes allegations about another party to this litigation.

139. Paragraph 139 concerns a claim that has been dismissed by the Court and, therefore, no response is required; to the extent a response may be deemed required, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139, which makes allegations about another party to this litigation.

140. In Paragraph 140, Plaintiff realleges the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

141. Denied.

142. Denied.

143. Denied.

144. In Paragraph 144, Plaintiff realleges the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

145. Paragraph 145 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

146. Denied.

147. Paragraph 147 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

148. Denied.

The final section of the Complaint, titled "Prayer for Relief," consists of Plaintiff's request for relief, to which no response is required; to the extent a response is deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested.

Each and every allegation of the Complaint not heretofore expressly responded to is hereby denied.

## DEFENSES

1. Plaintiffs lack standing to sue the Federal Defendants.

2. The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having answered, Federal Defendants pray that:

1. This Court enter judgment for Federal Defendants and dismiss this action with prejudice; and

2. Federal Defendants be granted such further relief as the Court may deem just and proper.

Dated: August 24, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

PETER M. McCOY
United States Attorney

*/s/ Christie V. Newman*
CHRISTIE V. NEWMAN (#5473)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: (803) 929-3021
Email: Christie.Newman@usdoj.gov

MICHELLE BENNETT
Assistant Branch Director

CHRISTOPHER A. BATES
Senior Counsel to the Assistant Attorney General

JAMES R. POWERS (TX Bar No. 24092989)*
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov

*Admitted *pro hac vice*

*Counsel for Federal Defendants*