**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Aimee Maddonna, | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cv-03551-TMC |
| | ) | |
| v. | ) | **DEFENDANT MICHAEL LEACH'S** |
| | ) | **ANSWER TO THE COMPLAINT** |
| United States Department of Health | ) | |
| and Human Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Michael Leach, in his official capacity as State Director for the South Carolina Department of Social Services, expressly reserving the right to file motions under Rules 12 and/or 56 of the Federal Rules of Civil Procedure and to file any other dispositive motion, responds to Plaintiff's Complaint by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further responds as follows:

**FOR A FIRST DEFENSE AND BY WAY OF AN ANSWER**

**Introduction**

1.    Paragraph 1 of the Complaint makes no allegations against this Defendant. Nevertheless, this Defendant admits that many children enter foster care from challenging situations and that individuals licensed by the South Carolina Department of Social Services ("SCDSS") as foster parents can supply these children with safe homes during their time in foster care.

2.    The allegations contained in Paragraph 2 consist of editorial comments, unsupported inferences, and inflammatory arguments couched as facts, which are neither supported by the law nor the facts, and, accordingly, this Defendant denies them.

3.    The allegations contained in Paragraph 3 consist of editorial comments, unsupported inferences, and inflammatory arguments couched as facts, which are neither

supported by the law nor the facts, and, accordingly, this Defendant denies them.  This Defendant further denies the allegations' characterization of Miracle Hill Ministries ("Miracle Hill") as an "agency," and affirmatively states that Miracle Hill is a private, independent, third-party non-profit organization that is neither a state agency nor a governmental entity.

4.     This Defendant denies the allegations set forth in Paragraph 4, including the factual allegations and the legal conclusions contained therein.  This Defendant specifically denies the allegation that a private third-party entity can or did "refuse[] to . . . license" any person or family as a foster parent or foster family.  This Defendant further denies the allegations' characterization of Miracle Hill as an "agency," and affirmatively states that Miracle Hill is a private, independent, third-party non-profit organization that is neither a state agency nor a governmental entity.

5.     This Defendant admits only that SCDSS licenses private Child-Placing Agencies ("CPAs") pursuant to South Carolina law and regulations. The remainder of the allegations of Paragraph 5 are denied.  This Defendant denies that his actions have caused, or that there exists in South Carolina, a state foster care system in which the suitability of prospective foster parents is assessed based on religious requirements.  To the extent the allegations and legal conclusions contained in Paragraph 5 allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

6.     The allegations of Paragraph 6 are denied.

7.     To the extent the allegations of Paragraph 7 purport to summarize, describe, or interpret the language, meaning, or effect of Executive Order 2018-12 or of any letter from the United States Department of Health and Human Services ("HHS") relevant to these allegations, those documents speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents and their context, motivation, meaning, contents, or effect.

To the extent the allegations and legal conclusions contained in Paragraph 7 allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied. This Defendant specifically denies that qualified families have been prevented or excluded from fostering children in the public child welfare system; denies that would-be foster parents have been prevented from participating in the public child welfare system on the bases of religion; and denies participating in any practice detrimental to vulnerable children.

10.      To the extent the allegations of Paragraph 10 list the Defendants named in the Complaint and describe the claims alleged and the relief sought therein, the Complaint speaks for itself and no response to Paragraph 10's listing or description is required.  To the extent a response is required, or to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

### Jurisdiction and Venue

11.      The allegations of Paragraph 11 contain legal conclusions to which no response is required at this time. To the extent a response is required, these allegations are denied at this time.

12.      The allegations of Paragraph 12 contain legal conclusions to which no response is required at this time. To the extent a response is required, these allegations are denied at this time.

13.     The allegations of Paragraph 13 contain legal conclusions to which no response is required at this time. To the extent a response is required, these allegations are denied at this time.

14.     The allegations of Paragraph 14 contain legal conclusions to which no response is required at this time. To the extent a response is required, these allegations are denied at this time.

15.     The allegations of Paragraph 15 contain legal conclusions to which no response is required at this time. To the extent a response is required, these allegations are denied at this time.

## Parties

16.     This Defendant lacks sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies those allegations.

17.     The allegations of Paragraph 17 are denied. This Defendant further notes that Mrs. Maddonna's family or its members are not parties to this suit, and thus any alleged harm to them (which harm is denied) is neither relevant nor germane to this action.

18.     The allegations of Paragraph 18 are denied. This Defendant further notes that Mrs. Maddonna's family or its members are not parties to this suit, and thus any alleged harm to them (which harm is denied) is neither relevant nor germane to this action.

19.     The allegations of Paragraph 19 are denied. This Defendant further notes that Mrs. Maddonna's family or its members are not parties to this suit, and thus any alleged harm to them (which harm is denied) is neither relevant nor germane to this action.

20.     This Defendant admits only that HHS is a federal agency.  This Defendant lacks sufficient information to admit or deny the allegations of Paragraph 20 regarding the authority and

duties with which HHS has been vested and charged or its operations or the administration of grants pursuant to federal law and therefore denies those allegations

21.     This Defendant admits only that Alex Azar II is the Secretary of HHS.  This Defendant lacks sufficient information to admit or deny the allegations of Paragraph 21 regarding Secretary Azar's responsibilities and authority and therefore denies those allegations.

22.     This Defendant admits only that the Administration for Children and Families ("ACF") is a division of HHS.  This Defendant lacks sufficient information to admit or deny the allegations of Paragraph 22 regarding ACF's responsibilities and operations and therefore denies those allegations.

23.     This Defendant admits that Lynn Johnson is the Assistant Secretary for ACF.

24.     This Defendant admits that Governor McMaster is the Governor of the State of South Carolina.  The remainder of Paragraph 24 contains legal conclusions to which no response is required at this time.  To the extent a response is required, or to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

25.     This Defendant admits that he is the State Director of SCDSS, effective April 18, 2019.  The remainder of Paragraph 25 contains legal conclusions to which no response is required at this time.  To the extent a response is required, or to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of this Defendant or Mr. Leach, the allegations or implications are denied.

## Factual Allegations

*Foster Care in South Carolina*

26.    The allegations of Paragraph 26, though couched as an approximation, are denied as inaccurate.

27.    This Defendant admits that publicly available SCDSS data indicates that, as of June 30, 2019, of the counties in the State, Greenville County had the highest number of children in foster care, and that slightly more than one-third of the total number of children in foster care in the State were located in the "Upstate" region.

28.    The allegations of Paragraph 28 are denied as stated.  This Defendant admits only that publicly available SCDSS data indicates that the number of children in foster care in South Carolina has risen each year over the past seven years.

29.    The allegations of Paragraph 29, though couched in "relative" terms, are denied as inaccurate.

30.    To the extent the allegations in Paragraph 30 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 30 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

31.    To the extent the allegations in Paragraph 31 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 31 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

32.     To the extent the allegations in Paragraph 32 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 32 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

33.     To the extent the allegations in Paragraph 33 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 33 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

34.     To the extent the allegations in Paragraph 34 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 34 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

35.     To the extent the allegations in Paragraph 35 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  This Defendant further denies that CPA's exercise "substantial control" over children in foster care.  To the extent the allegations of

Paragraph 35 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

36.  To the extent the allegations of Paragraph 36 allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

37.  To the extent the allegations in Paragraph 37 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 37 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

38.  To the extent the allegations in Paragraph 38 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 38 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

39.  To the extent the allegations in Paragraph 39 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and this Defendant denies Plaintiff's descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 39 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

40.    To the extent the first sentence in Paragraph 40 purports to summarize or rely on the Act referenced therein, the Act speaks for itself, and/or the assertion is an assertion of law to which to response is required.  This Defendant admits that the United States Department of Health and Human Services ("HHS") provides certain funds to SCDSS pursuant to Title IV-E of the Social Security Act.  The remainder of the allegations of Paragraph 40 are denied, including but not limited to the assertion that private CPAs provide "governmental" services.  To the extent the allegations of Paragraph 40 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

41.    The allegations of Paragraph 41 are denied as stated.  This Defendant admits only that HHS' provision of funds to States pursuant to Title IV-E is subject to certain statutory requirements found in Title IV-E and with which the State of South Carolina has at all relevant times complied.

42.    To the extent the allegations in Paragraph 42 summarize, rely on, or quote from the regulation cited therein, the regulation speaks for itself, and this Defendant denies Plaintiff's descriptions or characterizations of its context, meaning, enforceability, constitutionality, or permissibility. To the extent the allegations of Paragraph 42 or the regulation cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

43.    To the extent the allegations in Paragraph 43 purport to summarize, rely on, or quote from the regulation cited therein, the regulation speaks for itself, and this Defendant denies Plaintiff's descriptions or characterizations of its context, meaning, enforceability, contents, constitutionality, or permissibility.  To the extent the allegations of Paragraph 43 or the regulation

cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

44.    To the extent the allegations in Paragraph 44 purport to summarize, rely on, or quote from the regulation cited therein, the regulation speaks for itself, and this Defendant denies Plaintiff's descriptions or characterizations of its context, meaning, enforceability, contents, constitutionality, or permissibility.  To the extent the allegations of Paragraph 44 purport to assert a summary or assertion based on "federal []or state law," such allegation is an assertion of law to which no response is required at this time and which, in any event, this Defendant denies.  To the extent the allegations of Paragraph 44 or the materials cited or referenced therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

45.    To the extent the allegations in Paragraph 45 purport to summarize, rely on, or quote from the regulation cited therein, the regulation speaks for itself, and this Defendant denies Plaintiff's descriptions or characterizations of its context, meaning, enforceability, contents, constitutionality, or permissibility.  To the extent the allegations of Paragraph 45 or the regulation cited therein allege or imply any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

46.    To the extent the allegations of paragraph 46 purport to summarize statutory law or to assert a proposition of constitutional law, such allegations are legal assertions to which no response is required at this time.  To the extent a response is required, the allegations are denied as stated.

*Miracle Hill Ministries*

47.    This Defendant admits that Miracle Hill is a non-profit organization in Greenville, South Carolina and that it has a history of being licensed as a foster care child placing agency.

With regard to the remaining allegations of Paragraph 47, this Defendant would refer the Court to documents of record for the best evidence of the matters therein alleged. Except as expressly admitted, Paragraph 47 is denied.

48.     The allegations of Paragraph 48 are denied as stated.

49.     Answering Paragraph 49, this Defendant admits only that Miracle Hill is a SCDSS-licensed private CPA that, like other private CPAs in its region, can assist prospective foster parents in their efforts to obtain licensure as foster parents from SCDSS, and can provide certain information to SCDSS related to the provision of foster care in the region.   This Defendant specifically denies the allegation that Miracle Hill or any other private CPA "determines the foster families with whom the children in foster care should be placed." The remainder of the allegations, as well as any inference or implication of wrongdoing or liability, are denied.

50.     Answering Paragraph 50, this Defendant would refer the Court to documents of record for the best evidence of the matters therein alleged. Except as expressly admitted, Paragraph 50 is denied.

51.     Answering Paragraph 51, this Defendant would refer the Court to documents of record for the best evidence of the matters therein alleged. Except as expressly admitted, Paragraph 51 is denied.

52.     This Defendant lacks sufficient information to admit or deny the allegations or Paragraph 52 and, therefore, denies them.

53.     This Defendant admits only that Miracle Hill is a faith-based CPA.  To the extent the allegations in Paragraph 53 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a

response is required and to the extent Paragraph 53 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

54.    To the extent the allegations in Paragraph 54 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required and to the extent Paragraph 54 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

55.    To the extent the allegations in Paragraph 55 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required and to the extent Paragraph 55 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

56.    To the extent the allegations in Paragraph 56 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required and to the extent Paragraph 56 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

57.    To the extent the allegations in Paragraph 57 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required and to the extent Paragraph 57 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

58.    To the extent the allegations in Paragraph 58 quote from and rely on uncited documents or materials, those documents or materials speak for themselves, and no response is required.  This Defendant denies that Miracle Hill or any other CPA can bar or has barred any prospective foster parent from seeking or obtaining licensure as a foster parent or from serving as a foster parent.  To the extent any further response is required and to the extent Paragraph 58

alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

59.     To the extent the allegations in Paragraph 59 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required, this Defendant denies Plaintiff's descriptions or characterizations of the cited documents' or materials' context, meaning, motivation, effect, and contents.  To the extent any further response is required and to the extent Paragraph 59 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

*Defendants' [alleged] Continued Funding and Enabling of Miracle Hill's [alleged] Discrimination*

60.     Answering Paragraph 60, this Defendant would refer the Court to the documents pertaining to the matters alleged therein for the best evidence of what occurred. Except as expressly admitted, Paragraph 60 is denied.

61.     Answering Paragraph 61, this Defendant would refer the Court to the documents pertaining to the matters alleged therein for the best evidence of what occurred. Except as expressly admitted, Paragraph 61 is denied.

62.     In response to the allegations in Paragraph 62, this Defendant admits only that on January 27, 2018, SCDSS issued a temporary CPA license to Miracle Hill that was valid for six months.  The remainder of Paragraph 62 is denied.

63.     Paragraph 63 is admitted. However, this Defendant would refer the Court to the documents pertaining to the matters alleged therein for the best evidence of what occurred. Except as expressly admitted, Paragraph 63 is denied.

64.     In response to the allegations in Paragraph 64, this Defendant admits only that on March 13, 2018, Governor McMaster issued Executive Order 2018-12.   To the extent the remainder of the allegations purport to summarize that Executive Order, the document speaks for itself and no response is required.  Any remaining allegations or implications of Paragraph 64 are denied, and to the extent Paragraph 64 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

65.     To the extent the allegations of Paragraph 65 purport to quote from Executive Order 2018-12, the document speaks for itself and no response is required. To the extent the allegations purport to describe or summarize the meaning, motivation, effect, or context of the Executive Order, the allegations are denied.

66.     To the extent the allegations of Paragraph 66 purport to quote from Executive Order 2018-12, the document speaks for itself and no response is required. To the extent the allegations purport to describe or summarize the meaning, motivation, effect, or context of the Executive Order, the allegations are denied.

67.     To the extent the allegations of Paragraph 67 purport to quote from Executive Order 2018-12, the document speaks for itself and no response is required. To the extent the allegations purport to describe or summarize the meaning, motivation, effect, or context of the Executive Order, the allegations are denied.

68.     In response to the allegations in Paragraph 68, this Defendant admits only that Governor McMaster  sent a letter to Stephen Wager at HHS, which document speaks for itself.  To the extent the remainder of Paragraph 68's allegations purport to summarize the contents, meaning, or motivation of that letter, the document speaks for itself and no response is required.  To the

extent a response is required, or to the extent Paragraph 68 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

69.     The allegations of Paragraph 69 of the Complaint are assertions of law to which no response is required.  To the extent a response is required, the allegations are denied as stated.

70.     In response to the allegations in Paragraph 70, this Defendant admits only that on January 23, 2019, HHS responded in writing to the Governor.  To the extent the allegations of Paragraph 70 purport to summarize the contents, meaning, effect, or motivation of that letter, the document speaks for itself and no response is required.  To the extent a response is required, or to the extent Paragraph 70 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied

71.     To the extent the allegations in Paragraph 71 quote from and rely on the document cited therein, that document speaks for itself, and no response is required.  To the extent a response is required, this Defendant denies Plaintiff's descriptions or characterizations of the cited document's context, meaning, motivation, effect, and contents.  To the extent any further response is required and to the extent Paragraph 71 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

72.     In response to the allegations of Paragraph 72, this Defendant admits only that SCDSS issued a regular, annual CPA license to Miracle Hill.  The remainder of the allegations of Paragraph 72 are denied.

73.     To the extent the allegations in Paragraph 73 quote from and rely on the document cited therein, that document speaks for itself, and no response is required.

74.     The allegations of Paragraph 74 are denied.

75.     The allegations of Paragraph 75 are denied.

76.     To the extent the allegations in Paragraph 76 purport to summarize, quote from, and rely on the document cited therein, that document speaks for itself, and no response is required. To the extent a response is required, and to the extent Paragraph 76 comments on or describes the context, content, meaning, motivation, or effect of the cited action, the allegations are denied.

*Plaintiff Aimee Maddonna*

77.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 77 and, therefore, denies them.

78.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 78 and, therefore, denies them.

79.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 79 and, therefore, denies them.

80.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 and, therefore, denies them.

81.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 and, therefore, denies them.

82.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 and, therefore, denies them.

83.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 and, therefore, denies them.

84.     This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 and, therefore, denies them.  Further, to the extent that the allegations of Paragraph 84 allege or imply that SCDSS "assigns" children in foster care to CPAs or that a CPA has authority to decide who may or may not "work with" a foster child, the allegations are denied.

85.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 and, therefore, denies them.

86.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 and, therefore, denies them.

87.    To the extent the allegations of Paragraph 87 quote from an uncited document, that document speaks for itself and no response is required thereto.  To the extent a response is required, this Defendant lacks sufficient information to admit or deny the allegations in Paragraph 87 and, therefore, denies them.

88.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 88 and, therefore, denies them.  Further, to the extent that the allegations of Paragraph 88 allege or imply that SCDSS "assigns" children in foster care to CPAs or that a CPA has authority to decide who may or may not "work with" a foster child, the allegations are denied.

89.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 89 and, therefore, denies them.

90.    The allegations of Paragraph 90 are denied as stated.

91.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 91 and, therefore, denies them.  Further, to the extent that the allegations of Paragraph 91 allege or imply that SCDSS "assigns" children in foster care to CPAs, the allegations are denied.

92.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 92 and, therefore, denies them.

93.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 93 and, therefore, denies them.  To the extent that the allegations of Paragraph 93

allege, imply, or infer that Mrs. Maddonna's ability to volunteer with children in foster care, seek licensure as a foster parent, or be licensed as a foster parent are contingent on or in any way affected by her faith or her attestation of any doctrinal belief, the allegations are denied.

94.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 94 and, therefore, denies them.

95.    The allegations of Paragraph 95 are denied.

*Effects of Defendants' [alleged] Funding and Enabling of [alleged] Religious Discrimination*

96.    The allegations of Paragraph 96 are denied.

97.    The allegations of Paragraph 97 are denied.

98.    The allegations of Paragraph 98 are denied.

99.    This Defendant lacks sufficient information to admit or deny the allegations in Paragraph 99 and, therefore, denies them.

100.    The allegations of Paragraph 100 are denied.

101.    To the extent the allegations in Paragraph 101 quote from and rely on the document cited therein, that document speaks for itself, and no response is required.  To the extent a response is required, this Defendant denies Plaintiff's descriptions or characterizations of the cited document's context, meaning, motivation, effect, and contents.  To the extent any further response is required and to the extent Paragraph 101 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

102.    The allegations of Paragraph 102 are denied.

103.    The allegations of Paragraph 103 are denied.

104.    To the extent the allegations in Paragraph 104 quote from and rely on the statute cited therein, that statute speaks for itself, and no response is required.  To the extent a response is

required, and to the extent Paragraph 104 alleges or implies any wrongdoing or liability on the part of this Defendant, the allegations or implications are denied.

105.    To the extent the allegations of Paragraph 105 purport to interpret and explain a statutory requirement, the allegations are assertions of law to which no response is required at this time.

106.    To the extent the allegations in Paragraph 106 quote from and rely on the document cited therein, that document speaks for itself, and no response is required.  To the extent the allegations of Paragraph 106 purport to summarize, interpret, or describe the meaning, motivation, or effect of the document referenced therein, the allegations are denied.  To the extent the allegations of Paragraph 106 allege or infer that SCDSS "assigns" children in foster care to private CPAs, the allegation or inference is denied.  To the extent the allegations of Paragraph 106 allege or infer that this Defendant's actions restrict or infringe on the religious liberty of children in foster care or the alleged "statutory rights" of their biological parents to direct the children's religious upbringing while in foster care, the allegations or inferences are denied.  To the extent any further response is required, or to the extent any portion of the allegations in Paragraph 106 allege, infer, or imply any wrongdoing or liability on the part of this Defendant, the allegation, inference, or implication is denied.

107.    The allegations of Paragraph 107 are denied.

108.    The allegations of Paragraph 108 are denied.

**Claims for Relief**

**Count I—All Defendants**
(First Amendment—Establishment Clause)
U.S. Const. amend. I

109.    In response to Paragraph 109 of the Complaint, this Defendant realleges and incorporates all of the prior responses as if set forth verbatim

110.    The allegations of Paragraph 110 of the Complaint are assertions of law to which no response is required.  To the extent a response is required, the allegations are denied as stated.

111.    The allegations of Paragraph 111 of the Complaint are assertions of law to which no response is required.  To the extent a response is required, and to the extent the allegations allege, infer, or imply any wrongdoing by or liability on the part of this Defendant, the allegations are denied.

112.    The claims and allegations of Paragraph 112 are denied.

113.    The claims and allegations of Paragraph 113 are denied.

114.    The claims and allegations of Paragraph 114 are denied.

115.    The claims and allegations of Paragraph 115 are denied.

116.    The claims and allegations of Paragraph 116 are denied.

117.    The claims and allegations of Paragraph 117 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

118.    The claims and allegations of Paragraph 118, including subparts "a" through "l" are denied.

119.    The claims and allegations of Paragraph 119 are denied.

120.    The claims and allegations of Paragraph 120 are denied.

121.    The claims and allegations of Paragraph 121 are denied.

**Count II—Federal Defendants**
(Fifth Amendment—Equal Protection)
U.S. Const. amend. V

122.    In response to Paragraph 122 of the Complaint, this Defendant realleges and incorporates all of the prior responses as if set forth verbatim.

123 to 130.    The claims and allegations of Paragraphs 123 through 130, which comprise Plaintiff's Second Cause of Action, are asserted against other defendants and, furthermore, have been dismissed by the Court.  *See Maddonna v. HHS et al*., No. 6:19-cv-03551-TMC, Order (ECF No. 43) (August 10, 2020) at 43 ("Defendants' motions are granted with respect to Plaintiff's claim for equal protection, which is hereby **DISMISSED**.") (emphasis in original).  Accordingly, no response to them is required.  To the extent a response is required, the claims, assertions, implications, and allegations in Paragraphs 123 through 130 are denied.

### Count III—State Defendants
(Fourteenth Amendment—Equal Protection)
U.S. Const. amend. XIV

131.    In response to Paragraph 131 of the Complaint, this Defendant realleges and incorporates all of the prior responses as if set forth verbatim.

132 to 139.    The claims and allegations of Paragraphs 132 through 139, which comprise Plaintiff's Third Cause of Action, have been dismissed by the Court.  *See Maddonna v. HHS et al*., No. 6:19-cv-03551-TMC, Order (ECF No. 43) (August 10, 2020) at 43 ("Defendants' motions are granted with respect to Plaintiff's claim for equal protection, which is hereby **DISMISSED**.") (emphasis in original).  Accordingly, no response to them is required.  To the extent a response is required, the claims, assertions, implications, and allegations in Paragraphs 132 through 139 are denied.

### Count IV—Federal Defendants
(Administrative Procedure Act—Contrary to Constitutional Rights)
[sic] U.S.C. § 706(2)(B)

140.    In response to Paragraph 140 of the Complaint, this Defendant realleges and incorporates all of the prior responses as if set forth verbatim.

141.    The claims and allegations of Paragraph 141 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

142.    The claims and allegations of Paragraph 142 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

143.    The claims and allegations of Paragraph 143 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

### Count V—Federal Defendants
(Administrative Procedure Act—Arbitrary, Capricious,
Abuse of Discretion, and Not in Accordance with Law)
5 U.S.C. § 706(2)(A)

144.    In response to Paragraph 144 of the Complaint, this Defendant realleges and incorporates all of the prior responses as if set forth verbatim.

145.    The claims and allegations of Paragraph 145 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

146.    The claims and allegations of Paragraph 146, including subparts "a" and "b," are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

147.    The claims and allegations of Paragraph 147 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

148.    The claims and allegations of Paragraph 148, including subparts "a," "b," and "c," are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

### Prayer for Relief

149.     This Defendant denies that the relief requested in Paragraphs "a" through "h" of Plaintiff's Prayer for Relief, appearing on pages 31–33 of the Complaint, should be awarded.  This Defendant further denies any wrongdoing or liability alleged or implied by the allegations contained in Plaintiff's Prayer for Relief.  This Defendant expressly denies that this Court should issue any declaration or injunction requested by Plaintiff and expressly denies Plaintiff is entitled to recover any damages, fees, costs, or any other and further relief.

### FOR A SECOND DEFENSE

150.     Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing, the absence of a constitutional case or controversy, and/or the absence of ripe claims.

### FOR A THIRD DEFENSE

151.     Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to assert a cause of action upon which relief may be granted.

### FOR A FOURTH DEFENSE

152.     Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

### FOR A FIFTH DEFENSE

153.     This Defendant in his official capacity is entitled to immunity under the Eleventh Amendment of the United States Constitution.

### FOR A SIXTH DEFENSE

154.     This Defendant in his official capacity is not a "person" amenable to suit under 42 U.S.C. § 1983.

### FOR A SEVENTH DEFENSE

155.    This Defendant at all times had constitutionally adequate, rational, legitimate, justifiable, good faith, and/or compelling bases for his actions alleged in the Complaint.

### FOR AN EIGHTH DEFENSE

156.    Any injury allegedly sustained by Plaintiff as a result of matters alleged in the Complaint was a proximate result of one or more independent, efficient, and intervening causes.

### FOR A NINTH DEFENSE

157.    Any injury allegedly sustained by Plaintiff as a result of matters alleged in the Complaint was a proximate result of the actions of other persons and/or entities.

### FOR A TENTH DEFENSE

158.    Any injury allegedly sustained by Plaintiff as a result of matters alleged in the Complaint was not caused by or is not traceable to this Defendant.

### FOR AN ELEVENTH DEFENSE

159.    Any injury allegedly sustained by Plaintiff as a result of matters alleged in the Complaint, without admitting same to be true, was due to and caused by Plaintiff's own intentional, knowing, or negligence choices, actions, or omissions, which contributed to Plaintiff's alleged injuries as a proximate cause thereof, and without which the alleged injuries would not have occurred, and these contributory choices, actions, or omissions bar Plaintiff's claims and requested relief.

### FOR A TWELFTH DEFENSE

160.    This Defendant is entitled to Summary Judgment pursuant to Rule 56, Fed. R. Civ. P. as a matter of law.

### FOR A THIRTEENTH DEFENSE

161.    To the extent that Plaintiff's claims or allegations are premised on or seek relief relating to alleged violations of state law, regulations, and policies, such claims and relief are barred by the terms, conditions and immunities set forth in the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.*, including defenses granted or preserved by the Act, as well as by the terms, conditions, and immunities set forth in any other applicable statute limiting the liability of and damages available from the defendants.

### FOR A FOURTEENTH DEFENSE

162.    Some or all of Plaintiff's claims are barred by claim preclusion, or issue preclusion, or both.

### FOR A FIFTEENTH DEFENSE

163.    Some or all of Plaintiff's claims are barred by applicable statutes of limitations or repose.

### FOR A SIXTEENTH DEFENSE

164.    Some or all of Plaintiff's claims are barred by equitable doctrines including but not limited to laches, estoppel, waiver, and unclean hands.

### FOR A SEVENTEENTH DEFENSE

165.    To the extent not inconsistent, this Defendant incorporates by reference the affirmative defenses of any other defendant which may also be available to him.

**WHEREFORE**, having fully answered Plaintiff's Complaint, this Defendant hereby prays to this Honorable Court as follows:

(a) For dismissal of Plaintiff's Complaint with prejudice and an Order requiring Plaintiff to pay the costs of this action, including reasonable attorneys' fees;

(b) For the costs of this action; and

(c) For such other and further relief as the Court may deem just and proper.

DAVIDSON, WREN & DEMASTERS, P.A.

*s/Kenneth P. Woodington*
WILLIAM H. DAVIDSON, II, #425
KENNETH P. WOODINGTON, #4741
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
wdavidson@dml-law.com
kwoodington@dml-law.com
T: 803-806-8222
F: 803-806-8855

*Counsel for Defendant Michael Leach, in his official capacity as State Director of the South Carolina Department of Social Services*

Columbia, South Carolina

August 24, 2020